IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

RICHARD BIRKHEAD                                                             PETITIONER

V.                                                    NO. 4:14CV42-DMB-JMV

RONALD W. KING, ET AL.                                       RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the Court on the pro se petition of Richard Birkhead for a writ of habeas corpus under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Although Birkhead requested additional time to respond to the motion, he has not done so, and the deadline for response has expired. The matter is ripe for resolution. For the reasons below, the Court grants the State's motion and dismisses the instant petition for a writ of habeas corpus as untimely filed.

**I
Procedural History**

On March 8, 2007, Birkhead was convicted of capital murder in the Circuit of Washington County, Mississippi, and was sentenced to a term of life without parole as a habitual offender. On February 19, 2009, the Mississippi Supreme Court affirmed Birkhead's conviction and sentence. However, the Mississippi Supreme Court granted an en banc rehearing and, on February 17, 2011, again affirmed Birkhead's conviction and sentence. *Birkhead v. State*, 57 So.3d 1223 (Miss. 2011) (Cause No. 2007-KA-00666-SCT). According to both the state court record and the docket of the United States Supreme Court, as available on its website, Birkhead did not seek a writ of certiorari to the United States Supreme Court.

On February 15, 2012, Birkhead signed a "Writ of Habeas Corpus Ad-Subjeciendum [sic]," which was filed in Greene County Circuit Court as Cause No. 2012-023(3). That petition was transferred to the Washington County Circuit Court. On May 7, 2012, the Washington County Circuit Court, deeming Birkhead's pleading as a request for post-conviction collateral relief under Miss. Code Ann. § 99-39-1, *et seq.*, dismissed the action without prejudice as improper due to Birkhead's failure to first seek permission of the Mississippi Supreme Court under Miss. Code Ann. § 99-39-7. Birkhead appealed this decision to the Mississippi Supreme Court in Cause No. 2012-CP-00568-COA. On September 11, 2012, a "Show Cause Notice" was issued in that case instructing Birkhead to file his brief within fourteen days. On October 4, 2012, the appeal was dismissed for Birkhead's failure to do so. On October 25, 2012, the Mississippi Supreme Court's mandate issued in that cause. On February 21, 2013, Birkhead signed an application to the Mississippi Supreme Court seeking permission to proceed in the trial court with a petition for post-conviction collateral relief, which was docketed in Cause No. 2013-M-00330. On April 25, 2013, the Mississippi Supreme Court denied Birkhead's application.

## II
## Analysis

The State has moved to dismiss Birkhead's federal habeas petition as untimely filed under 28 U.S.C. § 2244(d). That section provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

The State argues that unless the narrow exceptions of § 2244(d)(1)(B-D) apply, the Antiterrorism and Effective Death Penalty Act ("AEDPA") requires that a petitioner's federal habeas corpus petition be filed within one year of the date that the petitioner's judgment of conviction becomes final. The State contends that although a properly filed, pending state court motion for post-conviction relief may toll the one-year limitation period, here Birkhead failed to properly file such a motion. The State argues that, as such, and because no other exceptions under § 2244(d)(1) apply, Birkhead's petition for a writ of habeas corpus was due in this court on or before May 18, 2012—a deadline he failed to meet.

Section 2244(d)(1) provides that the one-year limitation period shall run from the latest of several start dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Direct review includes a petition for writ of certiorari to the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d

3

690, 694-95 (5th Cir. 2003). Although Birkhead did not seek a writ of certiorari to the United States Supreme Court, ninety days—the time period during which he could have sought such review—is added to the date on which Birkhead's direct appeal ended and his conviction became final. *See id.* at 695 ("[F]inality was established by the expiration of the ninety-day period to seek further review with the Supreme Court, rather than the date the conviction became final for purposes of state law."); *see also* Sup. Ct. R. 13(1). Thus, Birkhead's conviction became final on May 18, 2011, ninety days after the Mississippi Supreme Court affirmed his conviction and sentence.

Under the AEDPA's one-year statute of limitations, Birkhead's federal habeas petition was due in this Court on or before May 18, 2012. In order to toll the limitations period, a habeas corpus petitioner must "properly file" a state application for post-conviction collateral relief on or before the one-year period expires. 28 U.S.C. § 2244(d)(2). "[A]n application [for federal *habeas corpus* relief] is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, *the court and office in which it must be lodged*, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis added).

Birkhead initiated a proceeding in Greene County Circuit Court prior to the expiration of the federal one-year limitations period. However, his failure to first seek the permission of the Mississippi Supreme Court pursuant to Miss. Code Ann. § 99-39-7 rendered the circuit court an improper venue. As such, the petition was improperly filed under *Artuz, supra*. Therefore, Birkhead is not entitled to statutory tolling for the pendency of this action, and May 18, 2012, remains the federal habeas corpus filing deadline.

4

Under the "prison mailbox rule," a federal petition for a writ of habeas corpus is deemed filed on the date the petitioner delivers it to prison officials for mailing to the district court. *See Richard v. Thaler,* 710 F.3d 573, 576 (5th Cir. 2013) (quoting *Houston v. Lack*, 487 U.S. 266, 270 (1988)); *see also Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (extending *Houston* to § 2254 applications). In the instant case, Birkhead signed his federal habeas petition on March 19, 2014, and the petition was stamped as "filed" in the district court on March 24, 2014. Though the record does not indicate the specific date—between March 19, 2014, and March 24, 2014—on which Birkhead *delivered* the petition to prison officials for mailing, at a minimum, Birkhead filed his federal habeas petition 670 days beyond the expiration of the May 18, 2012 statute of limitations.[1]

### III
### Conclusion

For the reasons above, the instant petition is dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this 4th day of February, 2015.

                                                  **/s/ Debra M. Brown**
                                                  **UNITED STATES DISTRICT JUDGE**

---

[1] Further, although Birkhead has not invoked the doctrine of equitable tolling, the Court notes that he has not alleged any rare and exceptional circumstances to merit application of the doctrine. *See Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir. 1999) (requiring "rare and exceptional circumstances" to warrant equitable tolling of AEDPA's limitations period).